**IT IS ORDERED as set forth below:**

Date: August 1, 2017



_____
**Wendy L. Hagenau
U.S. Bankruptcy Court Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 15-58440-WLH |
| | ) | (Jointly Administered) |
| BAY CIRCLE PROPERTIES, LLC et al.,[1] | ) | |
| | ) | CHAPTER 11 |
| Debtors. | ) | |
| | ) | JUDGE WENDY L. HAGENAU |
| | ) | |
| BAY CIRCLE PROPERTIES, LLC and BKGD, LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | ADV. PROC. NO. 16-5244 |
| | ) | |
| GOOD GATEWAY, LLC and SEG GATEWAY, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING DEFENDANTS' MOTION TO ABSTAIN**

This matter is before the Court on the Complaint to Determine Validity of Lien, filed by the Debtor Bay Circle Properties, LLC and BKGD, LLC, and the Defendants' Motion to

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Bay Circle Properties, LLC (1578), DCT Systems Group, LLC (6978), Sugarloaf Centre, LLC (2467), Nilhan Developers, LLC (6335), and NRCT, LLC (1649).

1

Dismiss, Abstain or to Stay ("Defendant's Motion") [Docket No. 4]. The Court has previously granted judgment to Plaintiffs on Counts I and II of the Complaint [Docket No. 17] and entered an order staying the proceedings in this case on Counts III and IV pending the outcome of certain related proceedings [Docket No. 21]. The outcomes in the related proceedings are now known and the Court is prepared to complete its ruling on the Defendants' Motion.

The facts of the tortured litigation between the principal of the Debtor and the Defendants and their principal are set out in detail in the order entered in Case No. 10-89420, Adversary Proceeding No. 16-5253, on April 10, 2017 [Docket No. 21] ("Smith Order"). The Court will not restate these facts here. Suffice it to say, though, that the Thakkar Entities (defined below) have been in litigation with Defendants SEG Gateway, LLC ("SEG") and Good Gateway, LLC ("GG") in Florida for a number of years. As a result of the Florida state court litigation, SEG and GG hold judgments of $12 million and $2.5 million respectively against Chittranjan Thakkar ("Thakkar") and a number of other entities in which he was the primary shareholder, officer and controlling entity ("Thakkar Entities"). At the time the Complaint in this case was filed, Thakkar and the Thakkar Entities had appealed the judgments of the Florida state court awarded to SEG and GG. At the time this Complaint was filed, SEG and GG had filed proofs of claim in this Debtor's case (Claim Nos. 2, 3, 4 and 5) based on the judgments obtained against Thakkar. This Debtor, however, was not a party to the Florida state court litigation and none of the judgments were entered against this Debtor. Instead, the basis of the claims asserted was that SEG's and GG's judgments were against Thakkar and Thakkar owned one-half of this Debtor.[2] The proofs of claim alleged that this Debtor was an alter ego of Thakkar and that other grounds existed for the Court to impose equitable remedies such that this Debtor would become liable to SEG and GG for Thakkar's judgments.

---

[2] Thakkar previously owned a one-half interest in the property which is now owned by this Debtor.

2

As set out in the Smith Order, Thakkar and the Thakkar Entities claim that the Florida state court judge erred in allowing SEG to assert its claims against Thakkar and the Thakkar Entities. Thakkar and the Thakkar Entities allege that Steven Smith was the sole member of Orlando Gateway, LLC. They allege that Steven Smith on behalf of Orlando Gateway, LLC transferred Orlando Gateway's interest in SEG to GG at a time when Steven Smith was in bankruptcy. In the Florida state court litigation, Thakkar and the Thakkar Entities argued that this transfer was not permitted and SEG could not pursue its claim against Thakkar and the Thakkar Entities. The Florida state court held, though, that Steven Smith had authority to transfer Orlando Gateway's interest in SEG and issued a judgment on behalf of SEG against Thakkar and the Thakkar Entities. While Thakkar and the Thakkar Entities appealed the Florida state court judgment, another entity created by Thakkar, BKGD, LLC, purchased from the Steven Smith bankruptcy estate any remaining interest that it had in Orlando Gateway, LLC.

In the Complaint filed in this case, the Debtor alleges that SEG is actually controlled by BKGD and asks the Court to make such declaration. The Debtor presumes that, if BKGD is in control of SEG, it would withdraw its proofs of claim and any positions it is taking contrary to the Debtor. Specifically, the Complaint asks the Court to declare that BKGD is the sole member of Orlando Gateway, LLC, that Orlando Gateway, LLC continues to own over 86% of SEG and is the managing member of SEG and that the proofs of claim filed by SEG in this bankruptcy case are invalid. BKGD filed a similar adversary proceeding in the Smith bankruptcy case, asking the judge in that case to declare the transfer of Orlando Gateway's interest in SEG to be invalid.

This Court heard the Defendants' Motion on February 9, 2017. At the conclusion of that hearing, the Court disallowed the claims filed by SEG and GG in this bankruptcy case, granting judgment for the Debtor on Counts I and II. The Court declined to rule on Counts III and IV,

3

which are the declaratory judgment counts because Thakkar's and the Thakkar Entities' appeal of the Florida state court judgment was ongoing and because no ruling had yet been issued in the Steven Smith bankruptcy case. The Court directed the parties to alert the Court when these matters were resolved in the other proceedings. Since the hearing in February, the Florida Appellate Court has affirmed the judgments of SEG and GG and no further appeals are permitted. Also, the Smith Order has been entered pursuant to which the court has abstained from reviewing the issue of the authority of Steven Smith to transfer Orlando Gateway's interest to GG, the court holding the outcome of that issue does not affect the bankruptcy estate.

The Defendants asked the Court to dismiss Counts III and IV or to abstain from hearing Counts III and IV. Abstention of a proceeding arising under Title 11, or arising in or related to cases under Title 11, is permitted "under proper circumstances," where "it is more appropriate to have a state court hear certain matters of state law." 28 U.S.C. § 1334(c)(1); Hospitality Ventures/Lavista v. Heartwood 11, L.L.C., (In re Hospitality Ventures/Lavista), 314 B.R. 843, 850 (Bankr. N.D. Ga. 2004). The court has discretion to abstain under 28 U.S.C. § 1334(c)(1) if abstention is "in the interest of justice, or in the interest of comity with State courts or respect for State law." "Permissive abstention permits a bankruptcy court to abstain from hearing a particular proceeding 'arising under,' 'arising in' or 'related to' a case under Title 11." McDaniel v. ABN Amro Mortgage Grp., 364 B.R. 644, 649 (S.D. Ohio 2007). "The court may abstain upon request of a party or *sua sponte*." Carver v. Carver, 954 F.2d 1573, 1579 (11th Cir. 1992); accord Bricker v. Martin, 348 B.R. 28, 33 (W.D. Pa. 2006) aff'd, 265 F. App'x 141 (3d Cir. 2008).

Courts employ a multifactor test to determine whether abstention is appropriate. The factors used by the Eleventh Circuit are:

> (1) the effect, or lack thereof, on the efficient administration of the bankruptcy estate if the discretionary abstention is exercised,

4

(2) the extent to which state law issues predominate over bankruptcy issues,
(3) the difficulty or unsettled nature of the applicable state law,
(4) the presence of related proceedings commenced in state court or other non-bankruptcy courts,
(5) the jurisdictional basis, if any, other than § 1334,
(6) the degree of relatedness or remoteness of the proceedings to the main bankruptcy case,
(7) the substance rather than the form of an asserted "core" proceeding,
(8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court,
(9) the burden on the bankruptcy court's docket,
(10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties,
(11) the existence of a right to jury trial, and
(12) the presence in the proceeding of non-debtor parties.

Ret. Sys. of Alabama v. J.P. Morgan Chase & Co., 285 B.R. 519, 530–31 (M.D. Ala. 2002) (citing Cassidy v. Wyeth-Ayerst Labs. Div. of Am. Home Products Corp., 42 F. Supp. 2d 1260, 1263 (M.D. Ala. 1999)); see also Official Unsecured Creditors' Comm. of Hearthside Baking Co., Inc. v. Cohen (In re Hearthside Baking Co., Inc.), 391 B.R. 807, 817 (Bankr. N.D. Ill. 2008). These factors are non-exclusive, and "what these factors seek to do is implement the function and purpose served by abstention under § 1334(c)(1): in deference to federalism, ensure that the jurisdiction of the bankruptcy court is exercised only when appropriate to the expeditious disposition of bankruptcy cases." Graham v. Yoder Machinery Sales (In re Weldon F. Stump & Co.), 373 B.R. 823, 828 (Bankr. N.D. Ohio 2007) (citation omitted).

Here, abstention is appropriate based on a number of factors. First, the question of who controls SEG is not a matter that arises in or arises under this bankruptcy case. It is a dispute between non-debtor parties. At most, it is related to the bankruptcy case but then only peripherally. This Court need not decide who controls SEG in order to proceed with the administration of this bankruptcy case. The Complaint when filed argued that the Court needed to determine who controlled SEG because SEG had filed proofs of claim in the bankruptcy case. The Court has now disallowed those claims, so that no longer provides a reason for the Court to

5

tackle the question of control of SEG.  The Court has also recently entered an order granting summary judgment to this Debtor on SEG's fraudulent conveyance claim.  The Court was able to address the proofs of claim and the fraudulent conveyance claim without delving into who had control of SEG.  The only remaining issue raised by SEG is a claim for marshaling or other equitable relief or adequate protection related to the Court-authorized sale of the Debtor's property on which SEG had a lien.  But at this point, there is no doubt SEG holds a judgment against Thakkar which was filed and became a lien on the property which was ultimately transferred to this Debtor.  The judgment has been affirmed on appeal and cannot be undone.  SEG's rights in this bankruptcy case are not determined by who controls SEG but rather by the existence of the judgment which the Florida state court has already rendered.

Second, abstention is appropriate because the matter is and has been before the state court.  The Thakkar Entities have attempted to litigate this issue in a variety of forums as set out in the Smith Order.  Effectively, BKGD is attempting to obtain a ruling from this Court contrary to the ruling of the Florida state court.  They argue a determination of Smith's property rights as sole member of an LLC is a determination that can only be made by a bankruptcy court.  But this Court does not sit in review of a state court action.  The "Rooker-Feldman doctrine recognizes that federal district courts do not have jurisdiction to act as appellate courts and precludes them from reviewing final state court decisions." Green v. Jefferson Cnty. Comm'n, 563 F.3d 1243, 1249 (11th Cir. 2009).  Moreover, the Eleventh Circuit has made clear that when the issue is whether the trustee or the debtor should have brought a particular claim the question is not one of jurisdiction.  The Court cautions against confusing the principle of subject matter jurisdiction "with the principle of real party in interest, which does not impact the Court's subject matter jurisdiction". Dunn v. Advanced Medical Specialties, Inc., 556 Fed. Appx. 785, 789 (11th Cir. 2014).  The question of whether the Florida state court was correct in its determination is simply

6

not a matter for this Court to determine.[3]  In short, this is another effort by Thakkar and the Thakkar Entities to shop for a forum which will provide the answer they are seeking.

Deference to the state court's final decision requires that this Court abstain from a determination of Counts III and IV of this Complaint pursuant to 28 U.S.C. § 1334(c)(1).

It is therefore

ORDERED that Counts III and IV are dismissed.

### END OF ORDER ###

**DISTRIBUTION LIST**

John A. Christy
Carole Thompson Hord
Jonathan A Akins
Schreeder, Wheeler & Flint, LLP
1100 Peachtree Street, Suite 800
Atlanta, GA 30309-4516

M. Denise Dotson
M. Denise Dotson, LLC
170 Mitchell St.
Atlanta, GA 30303

Richard L. Robbins
Robbins Ross Alloy Belinfante
Littlefield LLC
Suite 1120
999 Peachtree Street, NE
Atlanta, GA 30309-3996

Walter E. Jones
Balch & Bingham, LLP
Suite 700
30 Ivan Allen Jr. Blvd, NW
Atlanta, GA 30308

---

[3] Even if one were to accept that a bankruptcy court must make the determination of Smith's rights, the most likely court to make that determination would be the court in which Steven Smith's bankruptcy case is pending.  That court has already abstained from ruling on the issue.